**CTI/DC, INC., Plaintiff,**

v.

**SELECTIVE INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**No. CIV.AW–03–599.**

United States District Court, D. Maryland, Southern Division.

July 15, 2003.

Stephen J. Annino, Kasimer and Annino PC, Falls Church, VA, for plaintiff.

C. Dennis Southard, IV, Holland and Knight LLP, Washington, DC, for defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

CTI/DC, Inc. ("Plaintiff") filed suit against Selby Construction, Inc. ("Selby") and Selective Insurance Company of America ("Selective") alleging violations of Maryland's "Little Miller Act", Md. State Fin. & Proc.Code § 17–101, *et seq.*, and breach of contract. Currently pending is Selective's Motion to Dismiss the Amended Complaint [Paper No. 19] in which it seeks to have the claims against it dismissed on the ground that Plaintiff failed to abide by the statutory notice requirements of the Little Miller Act.[1] The motion has been fully briefed. No hearing is deemed necessary. *See* D. Md. R. 105.6. Upon review of the arguments made in support of, and opposition to, the motion, the Court will GRANT the motion to dismiss the Amended Complaint as against Selective.

## I. FACTUAL BACKGROUND

The facts necessary for adjudication of the motion are drawn from the Amended Complaint. HR General Maintenance Corporation ("HRGM") entered into a contract with an agency or instrumentality of Prince George's County ("County") to perform work on a construction project in Cheverly, Maryland. HRGM entered into another agreement with Selby to perform certain portions of the project.

Selective, the surety for the project, furnished the County with a payment bond ("bond") naming HRGM as the principal and Selective as the surety. Plaintiff and Selby executed an agreement whereby Plaintiff would provide certain materials to Selby for the project. Selby failed to pay Plaintiff in accordance with the contract.

---

1. Paper No. 20 on the case docket shows that Selective docketed two motions to dismiss. In reality, Paper No. 20 is just the memorandum in support of the motion to dismiss. Paper No. 20 will, therefore, be DENIED-as-moot.

All supplies and materials were last furnished to the project on October 1, 2002. On December 3, 2002, Plaintiff sent a letter to HRGM in which it stated the amount of the outstanding sum. On January 10, 2003, Plaintiff sent another letter to HRGM by certified mail in which it notified HRGM that it has provided a certain sum ($112, 263.97) of materials to Selby. It stated in the second letter that it planned to make a claim on the payment bond.

## II. MOTION TO DISMISS

Under Fed. R. Civ. Proc. 12(b)(6), a court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint, and not the facts that support it. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The Fourth Circuit has recently stated,

> [A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

*Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999).

## III. DISCUSSION

Selective argues that the Court should dismiss the claims against it because the notice that Plaintiff gave to HRGM on December 3, 2003 ("first letter") was insufficient and the notice that Plaintiff gave to HRGM on January 10, 2003 ("second letter") was untimely. Plaintiff concedes that the second letter was untimely under the ninety-day requirement of the Little Miller Act but argues that the parties impliedly intended to incorporate Maryland's Mechanic's Lien statute into the agreement; the Mechanic's Lien statute carries a 120–day notice period. Alternatively, Plaintiff argues that the December 3, 2002 letter was sufficiently compliant with the notice requirements of the Little Miller Act. . Finding that the first letter was insufficient and that the second letter was untimely-(and that the two can not somehow be read together to constitute sufficient and timely notice)-the Court will grant the motion to dismiss.

### A) *January 10, 2003 Letter*

Maryland's Little Miller Act requires that before a public body awards a construction contract exceeding one-hundred thousand dollars, the contractor shall provide a payment security that meet the Act's requirements. *See* Md. State Fin. & Proc.Code § 17–103. In order for a supplier to sue on a payment security, the supplier must follow the notice requirements of § 17–108. In particular, the Act requires that within ninety (90) days after the labor or materials for which the claim is made were supplied, the supplier must give notice to the "contractor". *See id.* at § 17–108(b). The pertinent parts of the statute read:

> (b) *Payment owed by the subcontractor-* (1) A supplier who has direct contractual relationship with a subcontractor ... of a contractor who has provided payment security but no contractual relationship with the contractor may sue on the security if the supplier gives written notice to the contractor within 90 days after the labor or materials for which claim is made were last supplied in prosecution of work covered by the security.

(2) A notice under this subsection: (i) shall state with substantial accuracy the amount claimed and the person to whom the labor or material was supplied . . . .

*Id.* at § 17–108(b)(2)(i)–(ii).

■ Plaintiff appears to concede that the January 10, 2003 was given after the ninety-day period of the Little Miller Act. Nevertheless, Plaintiff asks the Court to apply the 120–day period of the Mechanic's Lien statute. For the following reasons, the Court must reject Plaintiff's argument. First, nothing in the bond indicates that it was meant to be anything other than what it was: a payment bond in accordance with the Little Miller Act. The bond references the County and the public contract number, which tags the bond as one for a Little Miller Act requirement. Second, Plaintiff rests its entire argument on the bond's reference to § 9–113 of the Real Property Article of the Maryland Code (the section that was formerly the Little Miller Act). This reference does not amount to an indication of the intent of the parties to extend the period from 90 to 120 days.[2] Finally, even if the parties refer to the Mechanic's Lien statute, the section they referred to has no relevance to timing whatsoever. In sum, nothing supports the notion that parties intended to extend the 90–day period to 120 days. As such, the second letter was untimely.

B) *December 3, 2002 Letter*

Although the December 3, 2003 letter was timely, Selective argues that it is insufficient in that (a) it failed to name the "person to whom the labor or material was supplied", *see id.* at § 17–108(b)(2)(i); and (b) it failed to state that the supplier planned to look to the contractor for pay-

ment. Plaintiff responds that extrinsic evidence coupled with the December 3, 2002 letter supports a finding that the notice was sufficient. Furthermore, Plaintiff argues that the statute does not require that the letter state that the supplier is planning to look to the contractor for payment.

■ The statute enumerates three requirements for the notice: (1) that it state with substantial accuracy the amount owed; (2) that it state the person to whom the labor or materials was supplied; and (3) that it be sent by certified mail. *See id.* at § 17–108(2). It is undisputed that the second letter did not abide by these requirements. While it did state the amount owed with substantial accuracy, it did not state that the materials had been supplied to Selby.

Plaintiff makes two distinct arguments for why the letter's failure to name Selby should not be fatal to its claim. First, Plaintiff argues that there was a prior phone conversation in which Plaintiff said that it was supplying material to Selby. Second, Plaintiff states in the Complaint that the contractor "knew" that Selby was being supplied materials. The Court cannot accept these arguments.[3]

■ Plaintiff cites to one case from the Seventh Circuit in which the Court held that prior conversations could remedy an inadequate written notice. *See United States ex rel. Kelly–Mohrhusen Co. v. Patnode Co.,* 457 F.2d 116, 117–119 (7th Cir. 1972). But there the Court made an explicit finding that the writing incorporated by reference the previous conversations. *See id.* The Court does not necessarily believe that *Kelly–Mohrhusen's* holding is persuasive in that it seems to alter the

---

**2.** This conclusion is buttressed by the fact that Plaintiff cited to a different portion of the Mechanic's Lien code in its memorandum in support.

**3.** Plaintiff's argument that Selective and Plaintiff entered directly into an implied contract has no basis in the factual allegations made in the Amended Complaint.

mandate of the statute by allowing for verbal modification of a written notice requirement. For example, according to Plaintiff's argument, a supplier could have a conversation with a contractor in which the supplier informed the contractor of the amount owed and the person to whom the materials were supplied. Then, the supplier could conceivably send the contractor a letter stating, "I hereby incorporate in this letter everything we discussed." The Court fails to see how that would constitute adequate notice. In any event, *Kelly–Mohrhusen* is distinguishable on the facts because here, unlike in that case, Plaintiff never incorporated any prior conversation into the written notice. Plaintiff asks to the Court to incorporate by reference some prior conversation to remedy the inadequacies of the notice. To do so would be contravene the plain words of the statute.

In terms of the argument that notice was sufficient because the contractor "knew" which sub-contractor was receiving the supplies, the Court finds such an argument untenable. The notice was insufficient on its face in that it failed to name the subcontractor. Plaintiff can not remedy that inadequate notice after the fact by stating the contractor knew anyhow. Taken to its fullest extent, such an argument would make the notice requirement a nullity. In sum, Plaintiff has failed to adequately assert why the insufficient notice should be excused.[4]

## IV. CONCLUSION

It appears from the record that Plaintiff might have originally thought that the second letter-which had all the trappings of a

formal notice under the Little Miller Act-was timely. Finding that it was not, Plaintiff attempted to use the first letter to meet the notice requirement, but the first letter did not abide by the statutory mandate. Plaintiff can not satisfy the requirements by combing the two: an untimely notice and an insufficient notice do not combine to create adequate notice. Because the notice requirement is a predicate to suit against Selective, its motion to dismiss will be granted. And Order consistent with this Opinion will follow.

---

4. Because the Court has found that the notice was insufficient due to its failure to name the sub-contractor, the Court need not decide whether it was also insufficient because it failed to state that the supplier planned to look to the contractor for payment. It appears that at least in Maryland, as Selective forthrightly pointed out, the courts do not add such a requirement to the statutory language *Westinghouse Electric Corp. v. Minnix,* 259 Md. 305, 311, 269 A.2d 580 (1970).